UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4337

PAULMER LEE ADKISON, a/k/a
Paulmer Lee Adkinson,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-167)

Submitted: September 24, 1996

Decided: November 14, 1996

Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Margaret A. Hickey, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paulmer Adkison pled guilty to illegally possessing a firearm as a convicted felon.**1** The district court sentenced Adkison to a term of seventy-seven months imprisonment with three years supervised release and a $1000 fine. Adkison appeals his sentence, alleging that the district court erred in finding that his prior West Virginia state conviction for arson in the fourth degree was a crime of violence. Finding no reversible error, we affirm.

Adkison argues that his conviction for arson in the fourth degree was not a crime of violence because the West Virginia offense does not contain an element that requires a fire to be set or any damage be done to persons or property; thus, Adkison claims that he was not convicted of arson, but only attempted arson. Accordingly, Adkison contends that attempted arson does not satisfy the requirement of United States Sentencing Commission, Guidelines Manual, § 4B1.2(1)(ii), that a serious risk of physical injury to another person exist for his conviction to be classified as a crime of violence. We review de novo the district court's decision that this offense is a crime of violence.**2**

The federal sentencing guidelines define a "crime of violence" as any offense under federal or state law punishable by imprisonment for a term exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

_____

**1** 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994).
**2 See United States v. Wilson**, 951 F.2d 586, 588 (4th Cir. 1991), cert. denied, 504 U.S. 951 (1992).

2

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[3]

Adkison's distinction between arson and attempted arson is immaterial. Arson or attempted arson, by their very nature, pose serious potential risk of physical injury to other persons. Just as this court found that attempted breaking and entering presents a serious potential risk of physical injury to another, and thus constitutes a violent felony for purposes of 18 U.S.C. § 924(e) (1994),[4] Adkison's crime, whether characterized as arson or attempted arson, jeopardized the safety and lives of other individuals. Adkison's inability to consummate the arson does not negate the risk of harm. Moreover, the only other circuit to address this issue, the Eleventh Circuit, agrees that attempted arson is a crime of violence.[5]

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[3] USSG § 4B1.2(1) (Nov. 1995).
[4] **United States v. Custis**, 988 F.2d 1355, 1364 (4th Cir. 1993), affirmed, 511 U.S. 485 (1994).
[5] **See United States v. Mendoza-Cecelia**, 963 F.2d 1467, 1479 (11th Cir.), cert. denied, 506 U.S. 964 (1992).

3